UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| INDIANAPOLIS FRUIT COMPANY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 3:08-CV-46-TS |
| SCI, INC., dba HEYERLY'S MEAT MARKET, SHUAN IMBODY, and LISA IMBODY, | ) ) ) ) | |
| Defendants. | ) | |

**OPINION and ORDER**

Before the Court are a number of docket entries, all filed by the Plaintiff, that attempt to resolve this case.

On January 28, 2008, the Plaintiff filed a complaint against the Defendants. The claims are a violation of the Perishable Agriculture Commodities Act (PACA), 7 U.S.C. § 499a *et. seq.*, which provides federal question jurisdiction, 28 U.S.C. § 1331, and several state law claims, over which the Court has supplemental jurisdiction, 28 U.S.C. § 1367(a). In essence, the Plaintiff accuses the Defendants of not paying for $40,612.25 worth of the Plaintiff's produce. (Compl. ¶ 6–13, DE 1.)

The Defendants have not filed an Answer and they are not represented by counsel. The first in a series of docket entries attempting to resolve the case began in late March. The first entry is Motion for Entry of Stipulation and Agreed Order Entering Judgment [DE 7], filed March 25, 2008. None of the *pro se* Defendants signed this motion. The second is an Amended Motion for Entry of Stipulation and Agreed Order Entering Judgment [DE 9], filed May 14. The Defendants did sign this motion, but the "Stipulation and Agreed Order Entering Judgment

against Defendants" was not attached.

The third entry is a Stipulation for Entry of Judgment Against Defendants [DE 10], filed May 19. This document is an agreement by the parties to have judgment entered for the Plaintiff and against the Defendants. It contains a number of terms and provisions regarding a repayment plan for the amount owed to the Plaintiff, default, acceleration, and warranty and indemnity. The document also states that: "This Court specifically retains jurisdiction over enforcement of the terms of the Judgment, including, but not limited to, any supplementary proceedings brought to enforce the Judgment." (Stip. for Entry of J. Against Defs. ¶ 10.)  The signature page provides signature lines for the two individual Defendants and the president of the corporate Defendant along with the general counsel and chief financial officer of the Plaintiff, but there are no signatures.  (*Id.* at 5).

The fourth entry has the same title as the third, Stipulation for Judgment Against Defendants [DE 11], and it was filed the day after, on May 20. Its content is the same except for the signature page. On that page, the individual Defendants and the president of the corporate Defendant signed along with counsel for the Plaintiff. (*Id.* at 5).

The first motion [DE 7] is DENIED AS MOOT because of the amended motion [DE 9]. The second entry [DE 9] is STRICKEN for being inconsistent with Seventh Circuit precedent as explained below. The third entry [DE 10] is STRICKEN for being unsigned by the parties. The fourth entry [DE 11] is STRICKEN for being inconsistent with Seventh Circuit precedent as explained below.

It appears that the parties wish to have final judgment entered for the Plaintiff and against the Defendants, with the Defendants owing the Plaintiff $40,612.55. Final judgment by

2

definition means the case would be dismissed with prejudice, which in turn would mean that the Court would no longer have jurisdiction over the case. At the same time, the terms of the agreed order call for the Court to retain jurisdiction to enforce the terms of the stipulation. (See DE 10, ¶ 10 at 4; DE 11, ¶ 10 at 4). The two goals are incompatible, according to Seventh Circuit caselaw.

A court cannot, on the one hand, dismiss a case with prejudice and enter final judgment, and, on the other hand, retain jurisdiction over the case to enforce settlement agreement terms. *Lynch, Inc. v SamataMason, Inc.,* 279 F.3d 487, 489 (7th Cir. 2002). "A settlement agreement, . . . unless jurisdiction to enforce the agreement is retained (meaning that the suit has *not* been dismissed with prejudice), is enforced just like any other contract." *Id.* In *Shapo v. Engle*, 463 F.3d 641 (7th Cir. 2006), the court discussed as a "serious problem . . . the conjunction of dismissal with prejudice with retention of jurisdiction to enforce settlement agreement." *Id.* at 643.

> We know from *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 380–81 (1994), that a district court does not have jurisdiction to enforce a settlement agreement merely because the agreement was the premise of the court's dismissal of the suit that the agreement settled. And therefore, as we explained in *Lynch v. SamataMason, Inc.*, 279 F.3d 487, 489 (7th Cir.2002), a district judge cannot dismiss a suit with prejudice, thus terminating federal jurisdiction, yet at the same time retain jurisdiction to enforce the parties' settlement that led to the dismissal with prejudice.

*Id.* (parallel citations omitted). Accordingly, the Court cannot approve any of the proposed orders or stipulations.

In essence, the parties have reached a settlement agreement. The filings with the Court contain terms and provisions, essentially a contract to end the litigation. This Court is generally not a party or involved in settlement agreements. Those are private contracts between parties. If

3

such agreements are the conditions on which to end the case, then the parties can execute those agreements and then ask that the case be dismissed.

The parties have a number of options. They may all sign a stipulation which calls for the Court to enter final judgment for the Plaintiff and against the Defendants, with the Defendants owing the Plaintiff $40,612.55. But this stipulation cannot contain any terms that call for the Court to exercise continuing jurisdiction over whatever private settlement terms the parties have created and agreed to. The Plaintiff can also move for a voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i) or (ii) while separately and privately executing a settlement agreement with whatever terms they wish. If, after final judgment, the Plaintiff believes that the Defendants have violated the terms of the settlement contract, then the Plaintiff can bring a cause of action in the appropriate court to enforce the settlement contract. *Lynch, Inc. v SamataMason, Inc.,* 279 F.3d at 489 ("A settlement agreement, . . . is enforced just like any other contract.").

## CONCLUSION

For the foregoing reasons, the first motion [DE 7] is DENIED AS MOOT; and the second, third and fourth entries [DE 9–11] are STRICKEN. Additional filings should be consistent with this Opinion and Order.

So ORDERED on June 26, 2008.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION